IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JULIO MAGANA BORJAS,<br><br>*Petitioner*,<br><br>v.<br><br>JEFFREY CRAWFORD, *et al.*,<br><br>*Respondents*. | )<br>)<br>)<br>)<br>)       1:25-cv-1733 (PTG/WPB)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter comes before the Court on Petitioner Julio Magana Borjas's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of El Salvador who entered the United States without inspection in 2021. *Id.* ¶ 17, 46, 48. According to the Petition, on August 6, 2025, Petitioner was arrested and taken to an Immigration and Customs Enforcement ("ICE") facility in Chantilly, Virginia. *Id.* ¶ 46. Petitioner is currently being detained at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* An immigration judge ("IJ") granted Petitioner a $2,500 bond. *Id.* ¶ 44. However, after ICE filed a motion to reconsider the bond determination, the IJ rescinded the bond order because the immigration court held that it lacked jurisdiction to review Petitioner's status under 8 U.S.C. § 1225(b)(2)(A). Dkt. 5-1 ¶ 12. Petitioner now sues Jeffrey Crawford, the Warden of the Farmville Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 56–59. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 5 at 5–8. Upon consideration of the Petition (Dkt. 1) and Respondents' Opposition (Dkt. 5), the Court concludes that Petitioner is entitled to be immediately released from custody. Thus, the Petition is **GRANTED in part**.

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under § 1225(b)(2) or whether his detention is governed by § 1226(a). The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 5 at 1, 5–7. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *9-19 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Respondents do not dispute that Petitioner has continuously resided in the United States since his entry into the country in 2021. Dkt. 1 ¶ 45; Dkt. 5-1 ¶ 6. Accordingly, Petitioner is entitled to immediate release under the previous bond order where the IJ determined that he was neither a flight risk nor a danger to the community. Dkt. 1 ¶ 48.

Further, the Court finds that Petitioner does not have a cognizable claim for attorney's costs and fees under the Equal Access to Justice Act ("EAJA"), which is limited to civil actions. The Fourth Circuit made clear in *Obando-Segura v. Garland* that a habeas proceeding is not a "civil

2

action" under the EAJA. 999 F.3d 190, 195 (4th Cir. 2021); *see also Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *3 (E.D. Va. Sept. 29, 2025). Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part** and **DENIED in** part; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, once the $2,500 bond set by the immigration judge is posted; it is further

**ORDERED** that the request for attorney's costs and fees under the EAJA is **DENIED**; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that Respondents file a notice with the Court confirming Petitioner's release within twenty-four (24) hours of his release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 24th day of November, 2025.
Alexandria, Virginia

_____
Patricia Tolliver Giles
United States District Judge

3